UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HENRY CLEMENT, on behalf
of his minor child, J.C.,

    Plaintiff,

vs.

SJ FORTE HOLDINGS, LLC
D/B/A BOB G'S WINGS AND THINGS,
a Florida Limited Liability Corporation,
and SARAH LEACOCK,
individually,

    Defendant(s).
_____/

## COMPLAINT

HENRY CLEMENT, on behalf of her minor child, J.C. ("J.C." or "Plaintiff") hereby sues SJ FORTE HOLDINGS, LLC D/B/A BOB G'S WINGS AND THINGS ("SJ" or the "Company") and SARAH LEACOCK ("Leacock"), (collectively referred to hereinafter as "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action for damages for violations of the Florida Whistleblower Act ("FWA") and the unpaid overtime provisions of the Fair Labor Standards Act ("FLSA").

2. Plaintiff seeks damages in excess of $75,000.00, reasonable attorneys' fees and costs pursuant to the FWA and the FLSA, and all other remedies allowable by law.

1 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## PARTIES, JURISDICTION AND VENUE

3. Defendant SJ is, and was, a Florida limited liability company conducting business in Broward County, Florida, among other places, during the relevant period.

4. Defendant Leacock is the owner of Defendant SJ.

5. Clement is a Florida citizen of legal majority and is the parent and natural legal guardian of Plaintiff J.C., a minor child.

6. Plaintiff was formerly employed by Defendant as a Line Cook and performed work for Defendant in Broward County, Florida.

7. Venue is proper in this Court because Defendant transacts business in Broward County, Defendant maintains a principal place of business in Broward County, Defendant employed Plaintiff in Broward County, and these claims arose within Broward County.

8. At all relevant times, Defendant employed well above ten (10) employees during the relevant period.

9. At all relevant times, Defendant was an employer subject to the FWA and the FLSA.

10. Plaintiff has met all prerequisites and met all preconditions to filing this action.

## GENERAL ALLEGATIONS

11. Defendant is a sports bar and restaurant located in Sunrise, Florida.

12. Defendant is subject to the FWA as a "private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Fla. Stat. § 448.101.

13. Defendant is an "employer" within the meaning of Florida's Child Labor Law as a

2 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

"person, business, company, corporation, officer or director of a corporation, or general or limited partner of a business which employs a minor or has control over the hours and/or working conditions of the minor." FAC § 61L-2.002.

14. Defendant is an "employer" under the Florida Constitution under Art. X, Sec. 24. As it has been expressly adopted and incorporated the dictates of the Fair Labor Standards Act ("FLSA") regarding same.

15. Plaintiff is employed as a seventeen (17) year old minor by Defendant and has been employed by Defendant since June 20, 2020 (at which time Plaintiff was fifteen (16) years old).

16. Plaintiff worked for Defendant without issue until a change in ownership in late 2021.

17. Upon the change in ownership, Plaintiff and other minors also were no longer permitted to take breaks every four (4) hours as required by Florida law. *See* Fla. Stat. § 450.081(4).

18. Defendant also extended the restaurant hours of operation past 11:00 pm and required Plaintiff and other minors to work past 11:00 pm, in violation of Florida law. *See* Fla. Stat. § 450.081(2).

19. Plaintiff worked beyond 11:00pm on Friday evenings as demanded by Defendant.

20. In addition to violating Florida's Child Labor Law, Leacock often came to the restaurant drunk and belligerent, verbally harassing the employees.

21. Plaintiff, on a weekly basis, worked in excess of forty (40) hours per week.

22. Plaintiff was never compensated at the overtime rate of pay for any overtime hours he completed for Defendant.

3 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

23. Defendant Leacock even denied Plaintiff's request for a copies of his paystubs to provide that he was not being paid fully nor completely for the overtime hours worked by Plaintiff.

24. Throughout his employment, Plaintiff was deprived overtime compensation for all hours he worked over forty (40) hours per week.

25. Plaintiff is entitled to unpaid overtime compensation due and owing by Defendant.

26. Plaintiff, through his uncle, who is also employed by Defendant, made numerous objections to Leacock about Defendant's violation of the Child Labor Laws, Leacock's mistreatment of Defendant's employees, and FLSA violations, and reiterated that Leacock was violating the law.

27. Rather than correct its illegal practices, Defendant denied Plaintiff the terms, conditions and privileges of employment to which he was entitled.

28. Defendant, through Leacock, insisted that none of the minors employed by Defendant needed breaks every four (4) hours and would therefore not grant such legally required breaks.

29. Plaintiff fears retaliation against his uncle and other family members, by Defendant and through Leacock, by threatening to terminate Plaintiff's uncle if he continued to object to Defendant's employment practices.

## COUNT I
## VIOLATION OF FLORIDA WHISTLEBLOWER ACT

30. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 above as if fully set forth herein.

31. The Florida Whistleblower Act prohibits employers from taking retaliatory

4 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

employment action against an employee because the employee "objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102.

32. Plaintiff engaged in protected activity under the FWA by objecting to Defendant's illegal labor practices in violation of Florida's Child Labor Law, following a change of ownership in late 2021.

33. Specifically, Plaintiff objected to the fact that Defendant did not allow him or other minors to take breaks every four (4) hours, as required by law. Fla. Stat. § 450.081(4).

34. Plaintiff further objected to the fact that Defendant required minors to work past 11:00 pm, also in violation of Florida law. Fla. Stat. § 450.081(2).

35. Rather than correct its illegal practices, Defendant denied Plaintiff the terms, conditions and privileges of employment to which he was entitled.

36. Plaintiff has suffered significant mental and emotional distress because of Defendant's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendants under the FWA;

b. Award Plaintiff front pay damages;

c. Award Plaintiff back pay damages;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff all other damages available under the FWA;

f. Award Plaintiff his attorneys' fees and costs;

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

 g. Award Plaintiff all recoverable interest; and

 h. Award any other relief this Honorable Court deems just and proper.

**COUNT II**
**UNPAID OVERTIME COMPENSATION IN VIOLATION OF**
**THE FAIR LABOR STANDARDS ACT (LEACOCK)**

37. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Upon information and belief, the annual volume of sales or business for Defendants (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

38. As part of the business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

39. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

40. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

41. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

6 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

42. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

43. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

44. Defendants intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

45. Defendants are in violation of the FLSA and owes Plaintiff backpay.

46. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against SARAH LEACOCK under the FLSA;

b. Award Plaintiff actual damages for the unpaid overtime wages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff attorneys' fees and costs;

e. Award Plaintiff all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

7 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

## COUNT III
## UNPAID OVERTIME COMPENSATION IN VIOLATION OF
## THE FAIR LABOR STANDARDS ACT (SJ)

47. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 as if fully set forth herein.

48. Upon information and belief, the annual volume of sales or business for Defendants (independently and as joint employers) exceeded $500,000 during each calendar year of the relevant period.

49. As part of the business, Defendants sold goods and materials that traveled through interstate commerce during the relevant period.

50. During the relevant period, Defendants obtained and solicited funds from non-Florida sources (*i.e.,* sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

51. During the relevant period, Defendants, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

52. Defendants engaged in interstate commerce and were subject to the FLSA during all relevant periods.

53. During Plaintiff's employment with Defendants, Plaintiff worked over forty (40) hours per week on numerous occasions.

8 | Page

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

54. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Defendants never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

55. Defendants intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

56. Defendants are in violation of the FLSA and owes Plaintiff backpay.

57. In addition, Defendants are liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

WHEREFORE, Plaintiff respectfully requests that the Court:

g. Enter judgment against SJ FORTE HOLDINGS, LLC under the FLSA;

h. Award Plaintiff actual damages for the unpaid overtime wages;

i. Award Plaintiff liquidated damages;

j. Award Plaintiff attorneys' fees and costs;

k. Award Plaintiff all recoverable interest; and

l. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: March 21, 2022

By: /s/ J. Freddy Perera
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pba-law.com

9 | P a g e
**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232

Alexander T. Harne, Esq.
Florida Bar No. 126932
harne@pba-law.com
**PERERA ALEMÁN, P.A.**
12555 Orange Drive, Second Floor
Davie, FL 33330
Telephone: 786-485-5232

10 | P a g e

**PERERA ALEMÁN, P.A.**
12555 Orange Drive· Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-law.com · Phone (786) 485.5232